1 | MAYER BROWN LLP
RUTH ZADIKANY (SBN 260288)
2 | *rzadikany@mayerbrown.com*
ELISABETH M. ANDERSON (SBN 318326)
3 | *eanderson@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
4 | Los Angeles, California 90071-1503
Telephone: (213) 229-9500
5 | Facsimile: (213) 625-0248

6 | Charles E. Harris, II (*pro hac vice* forthcoming)
*charris@mayerbrown.com*
7 | 71 South Wacker Drive
8 | Chicago, Illinois 60606
Telephone: (312) 782-0600
9 | Facsimile: (312) 701-7711

10 | Attorneys for Defendant
DAVEY TREE SURGERY COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL LUNA individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVEY TREE SURGERY COMPANY, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-00822<br><br>**NOTICE OF REMOVAL BY DEFENDANT DAVEY TREE SURGERY COMPANY**<br><br>(Santa Cruz County Superior Court Case No. 23CV00040)<br><br>Date Action Filed: January 6, 2023 |

**NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Davey Tree Surgery Company ("Davey Tree"), through undersigned counsel, removes the above-captioned action from the Superior Court for Santa Cruz County to the United States District Court for the Northern District of California in accord with 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

This Court has original jurisdiction under 28 U.S.C. § 1332(d) – the Class Action Fairness Act of 2005 ("CAFA") – which grants federal district courts jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million (exclusive of interest and costs), and at least one class member is a citizen of a state different from that of any defendant. As set forth below, this action satisfies each of the requirements of section 1332(d)(2) for original jurisdiction under CAFA.

Support for federal jurisdiction in this action is based on both the allegations of the Complaint and Defendant's investigation of its business records. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) (A defendant "may remove to federal court when it discovers, based on its own investigation, that a case is removable.").

**BACKGROUND**

1. On January 6, 2023, plaintiff Angel Luna ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Santa Cruz, entitled *Angel Luna, individually and on behalf of all others similarly situated vs. Davey Tree Surgery Company; and Does 1 through 100, inclusive*, Case No. 23CV00040 ("Complaint").

2. The Complaint asserts eight causes of action against Davey Tree: (1) failure to pay wages for all hours worked in violation of California Labor Code §§ 204, 218, 1194, and 1194.2; (2) failure to pay overtime wages in violation of California Labor Code §§ 218, 510, and 1194; (3) failure to provide mandatory meal-and-rest breaks in violation of California Labor Code §§ 226.7 and 512; (4) failure to reimburse business expenses in violation of California Labor Code § 2802; (5) failure to provide accurate wage statements in violation of California Labor Code §§ 226 and

1174; (6) waiting time penalties under California Labor Code §§ 201-203; (7) violation of California Business & Professions Code § 17200, *et seq.* ("UCL"); and (8) violation of California Labor Code §§ 2698, *et seq.* ("PAGA").

3. On January 24, 2023, Davey Tree's agent for service of process received, via process server, the Summons; Complaint; Case Management Information and Setting, dated January 6, 2023; and Civil Case Cover Sheet. A true and correct copy of the packet received by Davey Tree is attached hereto as **Exhibit A**.

4. In addition, on February 21, 2023, the Parties filed a California Rule of Court 3.110(d) Stipulation for a 15-day extension of time to respond to the Complaint, to and including March 10, 2023.

5. Davey Tree did not file or receive any other pleadings or papers, other than the Stipulation and the pleadings described in Exhibit A, prior to this Notice of Removal.

6. As set forth below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action may therefore be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. Specifically, this Court has jurisdiction over this action pursuant to CAFA because it is a putative class action with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and at least one member of the class of plaintiffs is a citizen of a state different from at least one Defendant.

7. In accordance with 28 U.S.C. § 1446(d), Davey Tree will promptly serve this notice of removal on Plaintiff's counsel and file a copy with the clerk of the Superior Court for Santa Cruz County.

**REMOVAL IS TIMELY**

8. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

9. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint and Summons by personal service on Davey Tree's agent for service of process, on January 24, 2023. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48

1  (1999) (holding that "a named defendant's time to remove is triggered by the simultaneous service
2  of the summons and complaint"); *see also* Cal. Civ. Proc. Code § 415.10 ("A summons may be
3  served by personal delivery of a copy of the summons and of the complaint to the person to be
4  served. Service of a summons in this manner is deemed complete at the time of such delivery.").
5  Thirty (30) days from the service of the Complaint and Summons and Davey Tree on January 24,
6  2023 is February 23, 2023.

## VENUE IS PROPER

8  10.  Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District Court
9  for the Northern District of California because this Court embraces the Superior Court for Santa
10 Cruz County, where this action was initially filed.

## THIS IS A COVERED CLASS ACTION

12 11.  This action meets CAFA's definition of a class action, which is defined as "any civil
13 action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of
14 judicial procedure authorizing an action to be brought by 1 or more representative persons as a class
15 action." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b). Plaintiff purports to bring this class action
16 "individually, on behalf of themselves and classes of those similarly situated . . . pursuant to
17 California Code of Civil Procedure section 382," Compl. ¶¶ 1–2, and identifies one putative class
18 and eight separate putative subclasses, Compl. ¶¶ 38–39.

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

20 12.  Plaintiff seeks to represent "all individuals (a) who are currently or formerly employed by
21 Defendants and performed work in California as non-exempt hourly employees or similar job
22 position, job title, job code, job classification, or job description, and (b) who were subject to
23 Defendants' illegal policies and practices as alleged herein during the Class Period." Compl. ¶ 38.
24 Plaintiff defines the Class Period as "the four years prior to the filing of the original Complaint to
25 the present including tolling." *Id.* ¶ 3.

26 13.  The Complaint alleges that the putative "class members are so numerous that joinder of
27 all class members would be unfeasible and impractical," and that "the class is estimated to be
28 greater than one hundred (100) individuals . . . readily ascertainable by inspection of Defendants'

employment records." Compl. ¶ 42(a). Plaintiffs' allegations independently satisfy the requirement to show that the putative class likely exceeds 100 members. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (allegation that plaintiff is seeking to "provide remedies for hundreds of affected consumers" enough to establish numerosity for purposes of CAFA removal).

14. Based on Davey Tree's records, during the four-year period preceding the filing of the Complaint (January 6, 2019 to present), Davey Tree employed more than 100 individuals as non-exempt hourly employees in California. *See generally* discussion *infra*. The aggregate proposed class is therefore at least 100 members as required under CAFA. 28 U.S.C. § 1332(d)(5)(B).

## THE PARTIES ARE MINIMALLY DIVERSE

15. Relaxing the complete diversity requirement, CAFA permits removal if the parties are minimally diverse; that is, if the citizenship of at least one putative class member differs from the citizenship of at least one named defendant. 28 U.S.C. § 1332(d)(2)(A).

16. The Complaint alleges that Plaintiff is a resident of California. Compl. ¶ 21. Davey Tree therefore is informed and believes that Plaintiff is a citizen of and domiciled in California, the state in which he resides and worked for Davey Tree as alleged in the Complaint. *See* Compl. ¶¶ 21, 29; *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

17. Davey Tree is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As shown on the California Secretary of State's Business Entities Search website, attached as **Exhibit B**, Davey Tree is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business in the State of Ohio. Davey Tree was and is a citizen of Delaware and Ohio for purposes of determining minimum diversity jurisdiction. Attached hereto as **Exhibit C** is a copy of the Certificate of Good Standing filed with the Delaware Secretary of State on or about July 8, 2020.

18. Because Plaintiff is a citizen California and Davey Tree is a citizen of Delaware and Ohio, minimal diversity exists for purposes of CAFA. 28 U.S.C. § 1332(d)(2)(A) ("[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant.").

19. In the event this Court's jurisdiction is challenged either by Plaintiff or *sua sponte*, Davey Tree reserves and does not waive its right to amend or supplement its removal submissions to present additional information regarding Davey Tree's states of citizenship.

## THE AGGREGATE AMOUNT IN CONTROVERSY
## EXCEEDS $5 MILLION

20. CAFA requires that the amount in controversy exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, determining if the amount in controversy exceeds $5 million requires aggregating the claims of the putative class members. 28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). The amount in controversy "is determined from the pleadings as they exist at the time a petition for removal is filed." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985).

21. Davey Tree alleges based on the following calculations and the allegations in the Complaint that the amount in controversy exceeds $5,000,000 for purposes of establishing subject matter jurisdiction under CAFA. These calculations and allegations are not admissions of liability or damages with respect to any aspect of the case, regarding the proper legal standards applicable to Plaintiff's allegations, or regarding whether a class action is proper.

22. Plaintiff's Complaint does not allege the amount in controversy for the class(es) he purports to represent. Where a complaint does not allege a specific amount in damages, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 89 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." (citation omitted)). The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective

1  assessment of defendant's liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

23. "[T]he court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs., LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) (emphasis omitted). In addition, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). The Court may consider facts presented by the defendant in the removal petition relevant to determining the amount in controversy at the time of removal. *Id.* "[T]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 1199, 1205 (E.D. Cal. 2008).

24. In addition, Davey Tree may rely on "reasonable assumptions" in calculating the amount in controversy for removal purposes. *Arias*, 936 F.3d at 922. "Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn*, 536 F. Supp. 2d at 1205; *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), aff'd., 631 F.3d 1010 (9th Cir. 2011). In addition, "Where . . . the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws . . . such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week." *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) ("Given the allegations . . . that the violations took place 'at all material times,' one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy, as pleaded by Plaintiff.").

25. Plaintiff brings this action on behalf of himself and a putative class defined as: "all individuals (a) who are currently or formerly employed by Defendants and performed work in California as non-exempt hourly employees or similar job position, job title, job code, job classification, or job description, and (b) who were subject to Defendants' illegal policies and practices as alleged herein during the [four years preceding the filing of this Complaint to final

1  judgment]." Compl. ¶¶ 3, 38.[1] Among other forms of relief, Plaintiff and the putative class members ("PCMs") seek to recover compensatory damages for allegedly unpaid overtime wages, premiums for non-compliant meal and rest periods, liquidated damages, statutory penalties, wait-time penalties, wage statement penalties, attorneys' fees, and pre- and post-judgment interest. *See* Compl., Prayer for Relief, ¶¶ 1-17.

26. Davey Tree performed a preliminary analysis of its payroll records and employment data with respect to the PCMs to determine the CAFA amount in controversy for purposes of this Notice of Removal. That data included information regarding the dates of employment, hours worked and compensation paid to Davey Tree's former and current full-time employees in California who were classified as non-exempt hourly employees between January 6, 2019 and February 23, 2023 (the date this Notice of Removal was filed). Without prejudice to its rights to amend and/or supplement these removal submissions in the event these allegations are challenged, Davey Tree summarizes that data as follows:

   a. PCMs worked an aggregate of 144,243 full workweeks for Davey Tree during the four-year period preceding the filing of this Complaint (between January 6, 2019 and present). PCMs worked an aggregate of 131,093 full workweeks for Davey Tree during the three-year period preceding the filing of the Complaint (between January 6, 2020 and present);

   b. During the four-year period between January 6, 2019 and present, PCMs worked an average of approximately 8.64 hours per workday; and

   c. During that four-year period, PCMs had a weighted average hourly rate of $30.56 per hour.

27. As set forth below, a conservative estimate of the alleged amount in controversy implicated by the class-wide allegations exceeds $5 million. This estimate is based on a preliminary analysis of Davey Tree's records. All calculations supporting the amount in controversy are based

---

[1] The Complaint also defines eight putative subclasses (Compl. ¶ 39) but no cause of action is expressly limited to any particular subclass.

on the Complaint's allegations, without any admission of the truth of the facts alleged and assuming, solely for purposes of this Notice of Removal, that liability is established.

***Failure to Pay Overtime and Minimum Wages (First and Second Causes of Action).***

28. Plaintiff's Complaint alleges that "Plaintiff and Class members regularly work[ed] in excess of eight hours per day and/or 40 hours per week." Compl. ¶ 14; *see also id.* ¶¶ 71-72. Plaintiff alleges "Defendants did not pay Plaintiff and members of the Class overtime pay for all overtime hours worked and Defendants did not pay Plaintiff and members of the Class at the correct overtime rate of pay." *Id.* ¶ 73; *see also id.* ¶¶ 13-14.

29. In addition, Plaintiff alleges that "Defendants have willfully refused to pay Plaintiff and the members of the Class the required compensation for all hours worked (including minimum wage, overtime). . . ." Compl. ¶ 48; *id.* ¶ 60 (". . . . Defendants failed to pay all wages and violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1994.").

30. On his overtime claim, Plaintiff seeks "loss of earnings for unpaid overtime hours worked, . . . prejudgment interest, and costs and attorneys' fees, pursuant to California law." *Id.* ¶ 74; *id.*, Prayer ¶ 6 (seeking "an award of unpaid overtime wages pursuant to California Labor Code §§ 510 and 1194).

31. Based on these allegations and for purposes of calculating amount in controversy for removal, Davey Tree has reasonably and conservatively assumed that each PCM will claim to have worked *at least* 12 minutes of unpaid overtime *and* straight time per day – which is less than the approximate daily average of 8.64 hours per day calculated from Davey Tree's records. In other words, Davey Tree assumes that each PCM will claim *at least* one hour of unpaid overtime and unpaid straight time per week.[2] This assumption is wholly reasonable given the Complaint's allegations. *See, e.g., Monarrez v. Centerra Grp., LLC,* 2021 WL 5105587, at *5 (C.D. Cal. Nov. 3, 2021) (accepting assumption of 12 minutes of unpaid time per day); *Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *4 (C.D. Cal. Dec. 3, 2019) ("The Court concludes that Defendant's estimate of twelve (12) minutes per day, or one (1) hour per work week, is reasonable given the

---

[2] As set forth in Labor Code § 510, employees are entitled to overtime pay for all hours worked in excess of 8 hours in a workday and 40 hours in a workweek.

allegations in the Complaint that "[d]uring the relevant time period ... Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *6 (C.D. Cal. May 9, 2018) (finding assumption of one hour per week, or 12 minutes per day, reasonable); *Mendoza v. Savage Servs. Corp.*, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) ("courts in this district have found that a conservative 20% violation rate, or one hour of overtime pay per week, to be reasonable.").

32. Accordingly, Davey Tree's calculation of the amount in controversy for the alleged unpaid overtime and minimum wages for the PCMs exceeds the amount in controversy:

| Average Overtime Rate ($30.56 x 1.5) | | Off-the-Clock Hours per Workweek worked | | Total Workweeks | | Amount in Controversy |
|---|---|---|---|---|---|---|
| $45.84 | x | 1 (.20 per day) | x | 144,243 | = | **$6,612,099.12** |

33. On his minimum wage claim, Plaintiff seeks to recover "unpaid minimum wage . . . , plus interest, penalties, attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2." *Id.* ¶ 64; *id.*, Prayer ¶ 5. California Labor Code § 1194.2 provides that liquidated damages may be awarded "in an amount equal to the wages unlawfully unpaid . . . ." Cal. Lab. Code § 1194.2. Liquidated damages can properly be included in the amount in controversy calculation to establish CAFA jurisdiction if pled in the operative complaint. *See Soto*, 2019 WL 6492245, at *6 ("The court also agrees with Defendant that liquidated damages should be factored into the unpaid minimum wage claim" in assessing the amount-in-controversy under CAFA); *Graham v. IFCO Sys. N.A., Inc.*, 2017 WL 1243498, at *8 (C.D. Cal. Mar. 3, 2017) (considering liquidated damages as part of the amount in controversy); *see also Hernandez v. Nuco2 Mgmt, LLC*, 2018 WL 933506, at *3 (E.D. Cal. Feb. 16, 2018) (same).

34. Claims for liquidated damages under section 1194.2 have a three-year limitations period. *See e.g., Marquez v. NLP Janitorial, Inc.*, 2019 WL 652866, at *7 (N.D. Cal. Feb. 15, 2019). As noted above, the PCMs worked an aggregate of 131,093 full workweeks during the three-year period prior to the filing of the Complaint.

35. Accordingly, the amount in controversy for the First Cause of Action for minimum wage violations includes an additional amount equal to the number of purported unpaid hours for which Plaintiff and other PCMs were not paid at least minimum wage—which, for purposes of this Notice of Removal, Davey Tree has calculated at the average minimum wage during the three-year period prior to service of the Complaint as $14.00 per hour[3]—calculated as follows:

| Average Minimum Hourly Wage | | Off-the-Clock Hours per Workweek worked | | Total Workweeks | | Amount in Controversy |
|---|---|---|---|---|---|---|
| $14.00 | x | 1 (.20 per day) | x | 131,093 | = | **$1,835,302.00** |

36. All told, Plaintiff's *total* amount in controversy for the First and Second Causes of Action for allegedly unpaid overtime and minimum wages, liquidated damages, and statutory penalties is *at least* **$8,447,401.12**. Because the amount in controversy exceeds the jurisdictional limit, Davey Tree need not consider the amount in controversy for Plaintiff's other causes of action.

## NO CAFA EXCEPTION APPLIES

37. CAFA contains a number of exceptions to its grant of original jurisdiction, but none applies here. 28 U.S.C. §§ 1332(d)(3)-(5).

## CONCLUSION

38. Because the amount in controversy exceeds $5 million, the parties are minimally diverse, and the proposed class exceeds 100 members, CAFA confers subject matter jurisdiction.

39. If any questions arise about the propriety of this removal, Davey Tree requests an opportunity to submit briefing, evidence and to present oral argument in support of removal before an order resolves the question. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 88; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020).

40. Nothing about this Notice of Removal waives (or should be construed to waive) any right, argument or objection available to Davey Tree.

---

[3] In California, the state minimum wage for employers with 26 or more employees in 2020 was $13.00, in 2021 was $14.00 per hour, and in 2022 was $15.00 per hour. Averaging these three figures is reasonable, given that the three-year period began January 6, 2020.

Dated: February 23, 2023                               MAYER BROWN LLP

                                                       By: /s/ Ruth Zadikany
                                                            Ruth Zadikany

                                                       Attorneys for Defendant
                                                       DAVEY TREE SURGERY COMPANY