1  Brian D. Chase, Esq. (SBN 164109)
   *bchase@bisnarchase.com*
2  Ian M. Silvers, Esq. (SBN 247416)
   *isilvers@bisnarchase.com*
3  **BISNAR|CHASE LLP**
   1301 Dove Street, Suite 120
4  Newport Beach, California 92660
   Telephone: (949) 752-2999
5  Facsimile: (949) 752-2777

6  Richard C. Alpers, Esq. (SBN 254646)
   *rca@alperslawgroup.com*
7  **ALPERS LAW GROUP, INC**
   P.O. Box 154
8  Aptos, CA  95001
   Telephone: (831) 240-0490 (831) 240-0490
9  Facsimile: (855) 870-1129

10 Attorneys Plaintiff and Putative Class

11 [Additional counsel information
   on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL LUNA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVEY TREE SURGERY COMPANY, a Delaware Corporation, and DOES 1 through 100, inclusive,,<br><br>Defendants. | Case No. 5:23-cv-00822<br><br>**STIPULATION AND ORDER DISMISSING FIRST THROUGH SEVENTH CAUSES OF ACTION WITHOUT PREJUDICE AND REMANDING ACTION TO STATE COURT**<br><br>Action Filed: January 6, 2023 |

Plaintiff Angel Luna ("Plaintiff") and Defendant Davey Tree Surgery Company ("Davey Tree") (together, the "Parties"), by and through their undersigned counsel of record, respectfully stipulate as follows:

WHEREAS, on January 6, 2023, Plaintiff filed a class action complaint in Santa Cruz County Superior Court of the State of California, captioned *Luna v. Davey Tree Surgery Company, et al.*, Case No. 23CV00040, alleging the following eight causes of action: (1) failure to pay wages for all hours worked in violation of California Labor Code §§ 204, 218, 1194, and 1194.2; (2) failure to pay overtime wages in violation of California Labor Code §§ 218, 510, and 1194; (3) failure to provide mandatory meal-and-rest breaks in violation of California Labor Code §§ 226.7 and 512; (4) failure to reimburse business expenses in violation of California Labor Code § 2802; (5) failure to provide accurate wage statements in violation of California Labor Code §§ 226 and 1174; (6) waiting time penalties under California Labor Code §§ 201-203; (7) violation of California Business & Professions Code § 17200, et seq. ("UCL"); and (8) violation of California Labor Code §§ 2698, et seq. ("PAGA").

WHEREAS, Plaintiff filed the first seven causes of action on behalf of himself and members of a putative class of "all individuals (a) who are currently or formerly employed by Defendants and performed work in California as non-exempt hourly employees or similar job position, job title, job code, job classification, or job description, and (b) who were subject to Defendants' illegal policies and practices as alleged herein during the Class Period," defined as "the four years prior to the filing of the original Complaint to the present including tolling." Id. ¶ 38.

WHEREAS, on February 23, 2023, Davey Tree removed the action to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and specifically the Class Action Fairness Act of 2005, based on the first through seventh causes of action.

WHEREAS, the parties met and conferred and agree that Plaintiff signed arbitration agreements on April 29, 2019 and December 27, 2021, in which Plaintiff agreed to arbitrate—in his individual capacity and not as a plaintiff or class member in any purported class or representative proceeding—all claims against Davey Tree for wages, benefits, or other

compensation due and all claims against Davey Tree for any violation of any federal, state, or other governmental law, statute, regulation or ordinance (the "Arbitration Agreements").

WHEREAS, Plaintiff agrees that the Arbitration Agreements cover the first through seventh causes of action asserted in his Complaint (both in terms of Plaintiff's individual claims and the putative class claims).

WHEREAS, Plaintiff accordingly seeks to dismiss his first through seventh causes of action without prejudice as to both his alleged individual claims and the alleged claims of the unnamed putative class members.

WHEREAS, Defendant agrees with such dismissal.

WHEREAS, to date, no class has been certified in this Action nor has any notice been provided to other current or former employees of Davey Tree regarding Plaintiff's putative class claims.

WHEREAS, to date, the court has not entered any judgment following final approval of a settlement.

WHEREAS no consideration, direct or indirect, is being provided to Plaintiff for the dismissal.

WHEREAS, the Parties dispute the impact of the Arbitration Agreements on Plaintiff's remaining cause of action (the eighth cause of action) seeking to represent alleged "aggrieved employees" under PAGA in the wake of the U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), the pending California Supreme Court decision in *Adolph v Uber Technologies, Inc.* (2022) (Aug. 1, 2022, S274671) [2022 Cal. Lexis 5021].), and the recent Appellate Court decision in *Galarsa v. Dolgen California LLC,* 2023 WL 2212196 (Cal.App. 5 Dist., 2023) (decision after remand in light of *Viking River).*

WHEREAS, Davey Tree expressly reserves the right to file a motion to compel arbitration as to the claims asserted in the Complaint, if necessary, and Plaintiff agrees that he will not argue or assert that Davey Tree has waived any right to arbitration with respect to the claims asserted in the Complaint (including the PAGA claims asserted in the eighth cause of action) by entering into this stipulation or removing the case to federal court.

WHEREAS, the Parties further met and conferred and agree that, upon dismissal of the first through seventh causes of action (leaving only Plaintiff's PAGA claim), the operative complaint will no longer meet the jurisdictional requirements of the CAFA, making it appropriate to remand this case back to state court.

WHEREAS, Davey Tree accordingly stipulates to remand this action back to Santa Cruz County Superior Court, and the Parties jointly request that the Court issue an order regarding the same.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED UPON THAT:**

1. Plaintiff's first through seventh causes of action are dismissed without prejudice to the extent they are brought on an individual basis;

2. Plaintiff's first through seventh causes of action are dismissed without prejudice to the extent they are brought on behalf of a putative class;

3. Upon dismissal of Plaintiff's first through seventh causes of action, the entire action should be remanded back to the Superior Court of the State of California, County of Santa Cruz, where it was originally filed.

**IT IS SO STIPULATED.**

[signatures follow on next page]

| | | |
|---|---|---|
| Dated:  February 28, 2023 | | MAYER BROWN LLP |

By:    /s/ Ruth Zadikany
         Ruth Zadikany (SBN 260288)
         *rzadikany@mayerbrown.com*
         Elisabeth M. Anderson (SBN 318326)
         *eanderson@mayerbrown.com*
         333 South Grand Avenue, 47th Floor
         Los Angeles, CA 90071-1503
         Telephone:    (213) 229-9500
         Facsimile:     (213) 625-0248

         Charles E. Harris, II (*pro hac vice forthcoming*)
         charris@mayerbrown.com
         71 South Wacker Drive
         Chicago, Illinois 60606
         Telephone: (312) 782-0600
         Facsimile: (312) 701-7711

         Attorneys for Defendant
         DAVEY TREE SURGERY COMPANY

| | | |
|---|---|---|
| Dated:  February 28, 2023 | | BISNAR | CHASE LLP / ALPERS LAW GROUP, INC. |

By:    /s/ Ian M. Silvers
         Ian M. Silvers
         Attorneys for Plaintiff

**ORDER**

The Court, having read and considered the Stipulation, and finding good cause, hereby orders as follows:

**IT IS HEREBY ORDERED** that:

1. Plaintiff's first through seventh causes of action are dismissed without prejudice to the extent they are brought on an individual basis;

2. Plaintiff's first through seventh causes of action are dismissed without prejudice to the extent they are brought on behalf of a putative class; and

3. The entire Action is remanded back to the Superior Court of the State of California, County of Santa Cruz.

Dated: __February 28, 2023__                         _____
                                                                              Magistrate Judge Nathanael M. Cousins

GRANTED
Judge Nathanael M. Cousins